Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2555 | **DATE** | 3/5/2001 |
| **CASE TITLE** | Birgetta A. Davis Boyd, et al. vs. Norman P. Wexler | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for reconsideration of the 11/20/00 ruling [25-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 06 2001 | |
| | Notices mailed by judge's staff. | | date docketed | 30 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | MAR 06 2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

BIRGETTA A. DAVIS BOYD and )
CHARLENE HARRISON, )
 )
Plaintiffs, )
 )    No. 00 C 2555
v. )
 )    Judge Ruben Castillo
NORMAN P. WEXLER, doing business )
as WEXLER AND WEXLER, )
 )
Defendant. )

DOCKETED

MAR 0 6 2001

## MEMORANDUM OPINION AND ORDER

Class action Plaintiffs Birgetta A. Davis Boyd and Charlene Harrison charged Defendant

Norman P. Wexler with violating the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15

U.S.C. §§ 1692(e) & (10).  Plaintiffs claimed that Wexler falsely represented that he was acting

in his professional capacity as an attorney when he sent debt collection letters to them.  Plaintiffs

now ask this Court to reconsider its order awarding summary judgment to Wexler.  We deny the

motion to reconsider for the following reasons.

### RELEVANT FACTS

Plaintiffs each received debt collection letters sent by Wexler, an attorney who practices

law at Wexler & Wexler, on behalf of various creditor-clients.  In their class action lawsuit,

Plaintiffs claimed that Wexler violated the FDCPA because he falsely represented in his letters

that he was acting as an attorney, even though he was not meaningfully involved with

investigating or preparing their individual accounts.  Wexler moved for summary judgment on

his sworn deposition testimony that he was directly and personally involved in reviewing

Plaintiffs' files and sending collection letters to them.  In response, Plaintiffs submitted data from

the mailing company used by Wexler & Wexler that shows the volume of all letters mailed by the law firm over a several month period. Dividing the total number of letters mailed by the number of working hours in a day, Plaintiffs concluded that Wexler could not possibly have reviewed each individual file and collection letter he sent. Plaintiffs did not present any other affirmative evidence challenging Wexler's testimony.

## LEGAL STANDARDS

### I. Motion to Reconsider

Courts recognize motions to reconsider under Fed. R. Civ. P. 59(e). Motions for reconsideration serve only to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They do not permit parties to "rehash" old arguments or submit novel legal theories. *In re Oil Spill by the "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (unpublished). The Seventh Circuit observed that a motion for reconsideration performs a valuable function where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Parties should not routinely file motions to reconsider as a reaction to unfavorable decisions. "This Court, just like the National Football League, has done away with the concept of 'instant replay.'" *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). Unless parties can reasonably argue that the Court made a manifest error of law, misapprehended the facts or that the law has changed, their energies would be better spent pursuing their

arguments on appeal. As we have previously stated, filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling. *See, e.g., Cal. Union Ins. Co. v. Liberty Mut. Ins. Co.*, 930 F. Supp. 317, 319 (N.D. Ill. 1996).

## II. Summary Judgment

Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue for trial exists only when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the evidence in a light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). However, if the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249-50.

## ANALYSIS

Plaintiffs in this case have not satisfied the legal standards for reconsideration. They do not present new evidence, and they fail to demonstrate a manifest error of law, a change in the law or a misapprehension of the facts. Instead, Plaintiffs simply reassert allegations made in their pleadings and stubbornly rely on a mathematical inference to create a triable issue of fact.

In their motion to reconsider, Plaintiffs argue that this Court made a manifest error by resolving an issue of credibility. They allege that the sheer volume of letters sent by Wexler & Wexler over the span of several months must indicate that Defendant lied in his deposition when he stated that he was directly and personally involved with the sending of each letter. Plaintiffs set forth no other affirmative or newly discovered evidence to support their allegation. For the

reasons that follow, we find Plaintiffs' mathematical calculation alone insufficient to establish a triable issue of fact.

As the nonmoving party, Plaintiffs carry the burden of producing "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586 (1986). They cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit to that effect. *See Liberty Lobby*, 477 U.S. at 256-57. In their attempt to concoct an issue of credibility, Plaintiffs maintain that circumstantial evidence, in the form of their mathematical calculation of letter volume and working hours, is sufficient to give rise to a triable issue of fact. Plaintiffs are mistaken. Issues of credibility only defeat summary judgment "[w]here an issue of material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility." Fed. R. Civ. P. 56(e) advisory committee note; *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 130 (3d Cir. 1998).

In this case, we based our decision to award summary judgment for Wexler on his uncontradicted and unrefuted testimony that he directly and personally reviewed Plaintiffs' files, reached a considered professional judgment that Plaintiffs' debts were valid and exercised discretion in deciding that Plaintiffs should be sent debt collection letters. We did not need to reach a decision regarding Wexler's credibility then, and we decline to do so now. Plaintiffs' mathematical inferences about the volume of letters sent are not probative of Wexler's state of mind and cannot give rise to an issue of credibility simply because they present an alternative theory. We reiterate that Plaintiffs did not submit *any affirmative evidence* directly contradicting Wexler's testimony that he participated meaningfully in the sending of Plaintiffs' debt collection letters despite having ample opportunity to obtain discovery on this very issue.

Drawing the most favorable inference from Plaintiffs' letter volume calculations, we can conclude that Wexler may have spent only a small amount of time on each individual account. However, the FDCPA does not specify, and no other court has yet defined, a minimum amount of time a lawyer must spend with each individual file to establish meaningful attorney involvement under the Act. Instead, courts proceed much like the Seventh Circuit in *Avila*, examining *all* the available evidence to determine whether a lawyer was "acting like a lawyer usually acts, directly control[ing] or supervis[ing] the process through which the letter was sent." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996). The undisputed evidence before the Court established that Wexler met the *Avila* standard because he was "acting like a lawyer" in sending debt collection letters to Plaintiffs. Plaintiffs' attempt to recast their letter volume calculation as circumstantial evidence creating a triable issue of fact neither presents newly discovered evidence nor demonstrates a manifest error by this Court.

## CONCLUSION

For these reasons, we deny Plaintiffs' motion to reconsider our decision awarding summary judgment for Defendant. (R. 25-1.)

Entered:

Judge Ruben Castillo
**United States District Court**

**Dated: March 5, 2001**

5